# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0909V
UNPUBLISHED

| | |
|---|---|
| RACHELLE MEYERS,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 19, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Bursitis |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

**RULING ON ENTITLEMENT**[1]

On June 26, 2018, Rachelle Meyers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 27, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 18, 2020, Respondent filed his Rule 4(c) report in which he stated:

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

>DICP [Department of Health and Human Services, Division of Injury Compensation Programs] has determined that petitioner's alleged injury is not consistent with SIRVA because her pain was not "limited to the shoulder in which the intramuscular vaccine was administered," as required by the Qualifications and Aids to Interpretation that are appended to the Vaccine Injury Table. Rather, petitioner complained of pain that radiated down to her elbow. Ex. 3 at 20.
>
>Nonetheless, DICP has concluded that a preponderance of the medical evidence establishes that petitioner's bursitis was caused-in-fact by the flu vaccine she received on October 27, 2016. DICP did not identify any other cause for petitioner's injury, and the medical records outlined above demonstrate that she suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.

Respondent's Rule 4(c) report, filed Feb. 18, 2020, at *3 (ECF No. 34) (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

>    <u>s/Brian H. Corcoran</u>
>    Brian H. Corcoran
>    Chief Special Master